Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Email: jwf@h2law.com

Kevin A. Adams, Esq.
CA State Bar No. 239171
(Will comply with LR IA 11-2 within 14 days)
Robert A. Schultz, Esq.
CA State Bar No. 305367
(Will comply with LR IA 11-2 within 14 days)
MORTENSON TAGGART LLP
300 Spectrum Center Dr., Suite 1200
Irvine, CA 92618
Telephone: (949) 774-2224
kadams@mortensontaggart.com
rschultz@mortensontaggart.com

*Attorneys for Plaintiffs*
*YORK HOLDING, LTD. and YORK UNITED, INC.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

YORK HOLDING, LTD, a Cayman Islands limited company; and YORK UNITED, INC., a Delaware corporation,

Plaintiffs,

v.

FREDRICK WAID, individually, and DOES 1 through 10,

Defendants.

Case No.:

**COMPLAINT FOR DECLARATORY RELIEF AND CONVERSION**

Plaintiffs YORK HOLDING, LTD ("York Holding") and YORK UNITED, INC. ("York United") (collectively, "York") allege as follows:

## NATURE OF THE ACTION

1. York has initiated this action to obtain judicial support in wrestling back control of company assets from a removed director who refuses to return company property and information essential to the operation of the businesses.

2. York United owns and operates private schools and other education facilities. York Holding is the parent company and 100% owner of York United.

3. In January 2019, Defendant Frederick Waid ("Waid") was appointed as the "sole Director" of York Holding. Over the next few years, Waid did not adequately perform his director duties, including but not limited to failing to provide information and documents to York on a regular basis or upon request, acting outside the scope of his authority, undermining company interests, and converting company assets.

4. As a result of Waid's conduct, the overwhelming majority of shareholders of York Holding voted to remove Waid as the director of York Holding and all other positions he held with York United and its subsidiaries. Instead of acquiescing to the vote (and will) of the shareholders, Waid objected to the procedure in which the vote was achieved, refusing to give up the director role and any of the company assets. This is a direct breach of Waid's fiduciary obligations to York and their shareholders.

5. Without conceding to any procedural deficiency in their prior removal of Waid, the majority of shareholders again voted to remove Waid. This recent decision was again rejected and ignored by Waid, who continues to hold himself out as the "Director" of *both* York Holding and York United and continues to wield total control over all company assets and information. Among other things, Waid continues to have exclusive control over York's bank accounts, financials, tax records, contact information on key company vendors, including the CPA, and other contact information essential to the operation of the education facilities owned and operated by York United and its subsidiaries. York believes that Waid is keeping this company asset and information for himself and his personal gain.

6. Based on the foregoing, York files this Complaint seeking, among other relief, a judicial declaration that Waid has been effectively removed from any and all purported positions with York, and a further declaration that Waid is obligated to immediately return to York all of its property, including its financials, tax records, banking information (and access) and other assets of the company.

7. Additionally, York seeks injunctive relief precluding Waid from, among other things, (i) holding himself out as a representative of York Holding, York United, and any of its subsidiaries/affiliates; (ii) taking any action or directing any activities on behalf of York Holding,

York United, and any of its subsidiaries/affiliates; (iii) using any York corporate assets for any reason, including the payment of attorney and other legal fees, and (iv) accessing or attempting to access bank and other vendor accounts of York Holding, York United, and any of its subsidiaries/affiliates.

8. York further anticipates that with the discovery of additional facts regarding Waid's actions, this Complaint will be amended in short order to include additional claims for relief against Waid.

**THE PARTIES**

9. York Holding is a limited company organized in and with its principal place of business in the Cayman Islands. Attached hereto as **Exhibit A** is a true and correct copy of York's Holding's Memorandum and Articles of Association.

10. York United is a Delaware corporation with its principal place of business in Delaware. York United is wholly owned by York Holding.

11. Waid is an individual who, upon information and belief, resides in Nevada. Waid also is a current or former member of the Nevada State Bar and Of Counsel with the law firm Hutchinson & Steffen. *See* Hutchinson & Steffen website at *https://hutchlegal.com/wp-content/uploads/2018/11/Fred-Waid-0214.pdf*.

12. York is unaware of the true names and capacities of Defendants named Does 1 through 10 and therefore sue these Defendants by fictitious names. Each of the Doe Defendants is and was responsible or liable in whole or in part for the acts and omissions alleged in this Complaint.

13. Except as may be indicated to the contrary, Waid and Does 1 through 10 are referred to collectively as "Defendant" or "Defendants" herein.

14. At all times mentioned herein, Defendants, and each of them, were the agents, servants, and employees of each of the remaining Defendants and were, in doing the things complained of, acting within the scope of their agency and/or employment, and acting with the full knowledge or subsequent ratification of their principals or employers.

///

**JURISDICTION**

15. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. section 1332. The amount in controversy, including the value of this litigation and the cost defending this action and the conversion of York's assets, exceeds $75,000 given the significant assets of York and its affiliates and subsidiaries, and there is complete diversity.

16. The Court has personal jurisdiction over Waid because he is a resident of Nevada.

17. Venue is appropriate in this Court pursuant to 28 U.S.C. section 1391(b)(1) and (2) because Waid resides in Nevada and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Nevada.

**FACTUAL BACKGROUND**

*Waid Becomes Director of York Holding*

18. In 2018, a creditor of York United initiated an action against York United and two of its subsidiaries in Waterbury, Connecticut. As part of this action, Waid was appointed as a receiver of York United and the two subsidiaries. During his tenure as receiver, Waid developed a relationship with the shareholders of York Holdings ultimately resulting in Waid's appointment as "sole Director" of York Holding, effective January 1, 2019.

19. On June 1, 2020, Waid's receivership with York Holdings and its two subsidiaries was terminated by the Connecticut court, but Waid continued in his capacity as sole director of York Holding managing the day-to-day affairs of both York companies and subsidiaries.

*Waid's Misconduct and Removal as Director*

20. By April 2022, Waid's relationship with the majority of shareholders in York Holding had soured as Waid was believed to have breached his duty to act in the best interests of York by not updating the shareholders on the actions of the companies, acting on his own behalf and against the interests of the majority of shareholders; failing to provide requested information and documents to York; failing to maintain York in good standing; converting corporate assets; and acting without authorization.

21. Due to Waid's unsatisfactory conduct, York took various actions to remove Waid as director of York Holding, all of which were consistent with York's Memorandum and Articles

of Association and the Companies Law of the Cayman Islands. Additionally, York took various actions to remove Waid as director and officer of all other subsidiary and affiliated entities of York Holding given that Waid was holding himself out as holding such positions (though never formally appointed to said positions) and acting to the detriment of York.

22. York Holding first took action to remove Waid on April 12, 2022 when it held an extraordinary general meeting upon proper notice. At the meeting, a vote was held to remove Waid as York's Holding director and any and all other positions he purported to hold for the company. The result of the vote was that Waid was removed as director, with 90% of York Holding's members voting in favor of removal. Waid, however, refused to acknowledge his removal. Attached hereto as **Exhibit B** is the resolution from the April 12, 2022 meeting reflecting Waid's removal from any and all positions with York Holding.

23. York United also first took action on April 12, 2022 to remove Waid from any and all positions he purported to hold for York United. Waid, however, refused to acknowledge this removal as well. Attached hereto as **Exhibit C** is the resolution from the April 12, 2022 meeting removing Waid from any and all positions with York United.

24. Then, on July 13, 2023, York took further efforts to effectuate its removing Waid from any and all positions with York Holding or York United. This included holding another meeting and again voting to remove Waid from any and all positions with the companies. The same day, York sent a letter to Waid and his counsel confirming his removal and requesting that he return information, documents and assets to York. Attached hereto as **Exhibit D** is a true and correct copy of the July 13, 2023 letter to Waid regarding his removal from all positions with York and all of its subsidiaries. Waid, however, again refused to acknowledge his removal from any and all positions with York Holding or York United, and further refused to return the information, documents, and assets to York.

25. York took additional formal and informal action to obtain York's information, documents, and assets from Waid. Waid, however, continued to refuse to comply at all, objecting (without standing or basis) to the member/shareholder actions taken by York to remove Waid from his position(s) with York.

26. Ultimately, York Holding held a final extraordinary general meeting on December 6, 2023 to again effectuate Waid's removal from any and all positions with York. During this meeting, another vote was held and a resolution was passed. Attached hereto as **Exhibit E** are true and correct copies of the minutes and resolutions from this meeting.

27. Following the December 6, 2023 extraordinary general meeting, York Holding's Chief Executive Officer, Guyan Liu, notified Waid that he had been (again) formally removed from his position with York, and that Waid needed to turn over control of all York's information, documents, and assets to Mr. Liu and York. Once again, Waid refused to acknowledge his removal as director of York and further refused to return the information, documents, and assets to Mr. Liu or York. Despite these actions by York, Waid is holding himself out to hold positions as officer and director of York Holding and York United.

28. Irrespective of the December 6, 2023 vote, Waid continued to sent out emails in which he identified himself as Director of both York Holding and York United.

29. York is informed and believes that Waid is continuing to act to the detriment of York and its subsidiary and affiliate entities and will not acknowledge his removal or turn over information, documents, or assets to York without an order from the Court compelling him to do so.

30. Accordingly, York now seeks a judicial declaration from the Court confirming the removal of Waid from any and all positions with York, and to obtain both injunctive relief and specific performance to enjoin Waid from holding himself as a representative of York, and to secure all of York's information and assets from Waid.

## FIRST CLAIM FOR RELIEF
**Declaratory Relief**
(Against All Defendants)

31. York repeats, realleges, and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

32. Waid was appointed as director of York Holding with concomitant duties and responsibilities. Waid has, however, engaged in various misconduct in connection with his role as director of York Holding and has improperly held himself out as holding officer and director

positions with York United.

33. York therefore took action to remove Waid from his position as director, beginning April 12, 2022 and continuing to December 6, 2023. These actions were consistent with York's Memorandum and Articles of Association as well as the Companies Law of the Cayman Islands and all other applicable law.

34. Waid, however, has repeatedly refused to acknowledge any of York's efforts to remove him from any and all positions with York, and has further refused to return information, documents, and assets to York.

35. Plaintiff and Waid disagree as to the status of Waid with respect to York and whether Waid must return all information, documents and assets to York.

36. As a result, there is an actual and present controversy regarding the rights and obligations of the parties with respect to one another, specifically, whether or not Waid holds any positions with York and what Waid must do with all of York's information, documents and assets in his possession, custody and control.

37. York therefore requests that the rights and obligations of the parties be declared by the Court.

38. Specifically, York seeks a declaration that Waid is not a director or officer of York Holding or York United, effective April 12, 2022, and a further declaration that Waid is obligated to return all of York's information, documents, and assets to York.

## SECOND CLAIM FOR RELIEF
**Conversion**
(Against All Defendants)

39. York repeats, realleges, and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

40. York and its affiliated and subsidiary entities have various assets, including bank accounts. When Waid was director of York, he had access to and control over these assets. This includes York's financial property and bank accounts. Since being removed from his position as director, however, no longer had the right to exercise dominion and control over these assets.

41. Waid has, however, exercised wrongful dominion and control over York's assets

and property despite no longer having the right to do so by refusing to return to York all information, documents, and assets of York despite York's repeated requests for the information and preventing York access to and control over its own assets. Instead, Waid continues to exercise dominion and control over York's assets.

42. York has not consented to Waid's conduct.

43. As a direct and proximate result of Waid's misconduct, York has been substantially harmed.

44. York is entitled to punitive damages because Waid's conduct constitutes oppression, fraud, and malice given that he was made aware of his removal and repeated requests for the return of assets to York, yet deliberately and knowingly refused to comply to benefit himself and harm York.

**PRAYER FOR RELIEF**

WHEREFORE, YORK prays for judgment in its favor and relief against Defendants as follows:

a. For a judicial declaration that York's removal of Waid as a direct was effective, and that Waid no longer holds a director or similar position with York or any of York's subsidiaries;

b. For an order declaring that Waid must return to York all of York's information, documents and assets;

c. For the issuance of a preliminary injunction, permanent injunction, and/or temporary restraining order enjoining Waid from, among other things, (i) holding himself out as a representative of York or any of its subsidiaries, (ii) taking any action or directing any activities on behalf of York or its subsidiaries, (iii) using any corporate assets for any reason, including the payment of attorney and other legal fees, and (iv) accessing or attempting to access bank and other vendor accounts of York or any of its subsidiaries;

d. For economic and non-economic damages;

e. For punitive damages; and

f. For such other and further relief as the Court may deem just and proper.

Dated: this 7th day of December 2023

Respectfully submitted,

HOWARD & HOWARD ATTORNEYS PLLC

By: /s/ Jonathan W. Fountain
Jonathan W. Fountain, Esq.
3800 Howard Hughes Pkwy, Suite 1000,
Las Vegas, NV 89169

MORTENSON TAGGART ADAMS LLP

By: /s/ Kevin A. Adams
Kevin A. Adams, Esq.
(Will comply with LR IA 11-2 within 14 days)
Robert A. Schultz, Esq.
(Will comply with LR IA 11-2 within 14 days)
300 Spectrum Center Dr., Suite 1200
Irvine, CA 92618

*Attorneys for Plaintiffs*
*YORK HOLDING, LTD and YORK UNITED, INC.*