UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| YORK HOLDING, LTD., et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>FREDRICK P. WAID,<br><br>    Defendant(s). | Case No. 2:23-cv-02029-APG-NJK<br><br>**Order**<br><br>[Docket No. 79] |

      Pending before the Court is a renewed motion to quash in which nonparty Rayford International argues that a subpoena improperly mandates the production documents in this District given that Rayford International is located in New Hampshire. Docket No. 79. This matter requires the Court to decide whether Rule 45(d)(3)(A)'s provision that a motion to quash must be filed and decided in "the district where compliance is required" is a reference to the location identified on the face of the disputed subpoena (Nevada) or the location of the subpoenaed nonparty (New Hampshire). The Court determines it is the latter and **DENIES** Rayford International's renewed motion to quash without prejudice to its refiling in the appropriate forum.

**I.  BACKGROUND**

      This case involves a business dispute in which Plaintiffs contend that they are attempting to "wrestl[e] back control of company assets from a removed director." Docket No. 1 at ¶ 1. On March 6, 2024, Defendant served a subpoena *duces tecum* on nonparty Rayford International. *See* Docket No. 79-2 at ¶ 3. On its face, that subpoena commands the production of documents in Las Vegas, Nevada. *See id*. Rayford International attests that it maintains no presence in Nevada, transacts no business in Nevada, and has no representatives residing, working, or regularly conducting business in Nevada. *See* Docket No. 79-1 at ¶ 7. Rayford International further attests that its principal place of business is in New Hampshire and that its representative resides and works in New Hampshire. *See id.* at ¶ 6. Counsel for Rayford International conferred with defense

counsel to no avail. *See* Docket No. 79-2 at ¶¶ 4-7. Rayford International now asks the Court to quash the subpoena, arguing that, *inter alia*, Nevada is not the place of compliance as defined by the governing rules. Docket No. 79 at 10-11.

## II.   STANDARDS

For subpoenas seeking documents, the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). A motion to quash a nonparty subpoena must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A), (B).[1] The movant bears the burden of persuasion on a motion to quash, *e.g.*, *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015), including the burden of showing that the motion was filed in the correct district, *e.g.*, *Cleary v. Kaleida Health*, 1:22-cv-00026(LJV)(JJM), 2024 WL 1297708, at *2, 4 (W.D.N.Y. Mar. 27, 2024) (quoting *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-cv-381-TKW/MJF, 2020 WL 6127079, at *2 (N.D. Fla. May 1, 2020)). "When it appears that subpoena-related motion practice may have been filed in the wrong district, the Court may raise that potential defect *sua sponte*." *4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, No. 2:21-cv-01081-GMN-NJK, 2022 WL 2905468, at *3 n.3 (D. Nev. July 22, 2022) (citing *Gutierrez v. Uni Trans, LLC*, 2021 WL 2821071, at *3 (D.N.M. July 7, 2021)). When a subpoena-related motion has been filed in the wrong District, courts routinely deny that motion without prejudice to refiling it in the proper tribunal. *See, e.g.*, *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018).[2]

---

[1] The pending motion makes passing reference to obtaining relief as to privileged or confidential information pursuant to Rule 26 of the Federal Rules of Civil Procedure. *See, e.g.*, Docket No. 29 at 13. The protective order envisioned does not appear to be one to prevent the production of documents, but rather one to protect information that is produced from being disseminated publicly. *See id.* at 6. The motion does not provide any argument that the proper tribunal in which to file the motion is governed by Rule 26, as opposed to Rule 45.

[2] The rules provide the potential for transferring a subpoena-related motion from the court where compliance is required to the issuing court. *See* Fed. R. Civ. P. 45(f). The authority to make this decision rests with the court where compliance is required. *See id*. As such, this provision does not allow a movant to bypass, in the first instance, the court for the district where compliance is required. *See, e.g.*, *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-cv-958-CAB-DDL, 2023 WL 2815363, at *1 (S.D. Cal. Apr. 6, 2023) (declining to adjudicate subpoena-related dispute, despite the parties consenting to resolving the dispute in that court).

In the decade since the current rules were enacted, a recurring scenario has arisen that has befuddled attorneys and split courts: determining the place of compliance for filing a motion to quash a subpoena that on its face requires production of documents in a location (in this case, Nevada) that the subpoenaed nonparty argues is improper because the nonparty is located elsewhere (in this case, New Hampshire). Some courts have interpreted the place "where compliance is required" for purposes of filing a motion to quash to mean the location identified on the disputed subpoena for the document production, regardless of whether that place is not the location of the subpoenaed nonparty. *See, e.g.*, *Pizana v. Basic Research, LLC*, No. 1:18-cv-00644-DAD-SKO, 2022 WL 1693317, at *2 (E.D. Cal. May 26, 2022) (collecting cases). These courts have reasoned that such a rule provides an easy answer to the issue and eliminates the need for intensive fact-finding as to this threshold issue, and that the place of compliance is technically the location identified on the subpoena unless and until the court determines otherwise. *See, e.g.*, *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 710 (N.D. Tex. 2017).[3]

Other courts have interpreted the place "where compliance is required" for a motion to quash a subpoena for the production of documents to mean the location of the subpoenaed nonparty, even if different than the location for the production of documents identified on the face of the subpoena. *See HI.Q, Inc. v. ZeetoGroup, LLC*, No. 22cv1440-LL-MDD, 2022 WL 17345784, at *7 (S.D. Cal. Nov. 29, 2022) (collecting cases); *see also Europlay Capital Advisors*, 323 F.R.D. at 629. These courts have reasoned that such an approach is consistent with the overall

---

[3] Many of the cases discussing this issue do not squarely confront the scenario in which a subpoena on its face mandates document production in one place, while the motion to quash provides an evidentiary showing that the subpoenaed nonparty is located in another place. For example, in *CSS*, the face of the subpoena required production of documents in Dallas and the subpoenaed nonparty agreed that Dallas was the place of compliance based on its location pursuant to Rule 45(c)(2)(A). 354 F. Supp. 3d at 711. The crux of the issue before that court was whether providing an email address through which to produce documents meant that the place of compliance was someplace other than Dallas. *See, e.g., id.* at 710. The reasoning in such cases that it is impractical for the Court to obtain the facts to determine the geographical location of the subpoenaed nonparty is inapplicable in a case, like the one at hand, in which the motion itself seeks to quash a subpoena based precisely on a factual showing regarding the geographic location of the subpoenaed nonparty. Moreover, it is not a complicated endeavor to resolve such a motion to quash with respect to the proper filing location because a movant plainly cannot meet its initial burden of showing this is the place of compliance by arguing that this is not the place of compliance.

3

framework of the rule, which is designed to ensure local resolution of subpoena disputes as a means to protect the subpoenaed nonparty, a purpose that would be thwarted by requiring subpoenaed nonparties to adjudicate a subpoena-related dispute in a distant forum based solely on the face of the subpoena. *See, e.g.*, *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017).[4] This Court has already ruled elsewhere that the place of compliance for purposes of filing a motion to quash a subpoena must be tethered to the location of the subpoenaed person. *See 4R4 Sons*, 2022 WL 2905468, at *4; *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014); *see also Lavoie v. Hyundai Motor Am.*, No. 2:22-cv-00628-GMN-VCF, 2022 WL 10632400, at *1-2 (D. Nev. Oct. 18, 2022); *GBT Techs., Inc. v. Jackson*, No. 2:20-cv-02078-APG-VCF, 2021 WL 2418555, at *2 (D. Nev. June 14, 2021). The Court will continue to take that approach here.

Under the heading "Place of Compliance," Rule 45(c) requires that document production via subpoena must occur within 100 miles of the location[5] of the subpoenaed nonparty. *See* Fed. R. Civ. P. 45(c)(2)(A); *see also in re Outlaw Labs, LP Litig.*, No. 18cv840 GPC (BGS), 2020 WL 5709386, at *2 (S.D. Cal. Sept. 24, 2020) ("Rule 45(c)(2)(A) *defines* where compliance is required for production of documents or electronically stored information" (emphasis added)). The drafters of the current version of Rule 45 plainly intended this provision to not just be a basis to quash a non-compliant subpoena, but to also serve as the touchstone for determining which court should decide that motion to quash:

> To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) [requiring that the place of compliance be tethered to the location of the subpoenaed

---

[4] Courts have also noted that determining that the place of compliance is the location of the subpoenaed nonparty is logical given that resolution of the initial motion may result in an order for the subpoenaed nonparty to provide the disputed discovery, which may result in the later commencement of contempt proceedings. *See* Fed. R. Civ. P. 45(g). Holding contempt proceedings in a district where the subpoenaed party is not located (simply because a subpoena requires the discovery there) would present questions of personal jurisdiction as a matter of due process. *See Gutierrez*, 2021 WL 2821071, at *2. Such jurisdictional issues are avoided by having a motion to quash decided in the district where the subpoenaed nonparty is located. *See id.*

[5] The Court herein generally refers to the "location" of the subpoenaed nonparty as shorthand for the place where the subpoenaed nonparty "resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A).

> nonparty] and the requirements in Rules 45(d) and (e) that motions be made in the court in which **compliance is required by Rule 45(c)**.

Fed. R. Civ. P. 45(f), Advisory Committee Notes (2013) (emphasis added).  Hence, the intent could not be clearer that the location of the subpoenaed nonparty, as identified in Rule 45(c), is meant to control which district is the place of compliance for the purpose of filing a motion to quash under Rule 45(d).  While advisory committee notes are not necessarily the final answer in interpreting the text of the rules, they are an important tool in doing so.  *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988) (while views expressed by the advisory committee are "not determinative" of a rule's meaning, they are "of weight" in the judicial construction of the text of the rule); *see also United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) (explaining that the Advisory Committee Notes can "provide a reliable source of insight into the meaning of a rule"). With respect to the place for resolving subpoena-related disputes, it would eviscerate the entire purpose of these provisions in Rule 45 to interpret them as meaning that a subpoenaing party may force a subpoenaed nonparty to litigate a subpoena-related dispute in an inconvenient district by simply listing that location on the face of the subpoena.  *Raap*, 2017 WL 2462823, at *3.[6]

The Court notes that it is not persuaded by Rayford International's reliance on other legal authority.  Of particular significance, Rayford International argues vehemently that its motion to quash this subpoena for the production of documents was properly filed in this district based on the Ninth Circuit's decision regarding the place of compliance for a motion to quash a subpoena to testify at trial.  *In re: Kirkland*, 75 F.4th 1030 (9th Cir. 2023).  In particular, Rayford International argues that the Ninth Circuit "impliedly recognized" that a motion to quash may be filed in the issuing court even when the movants are located elsewhere because the Ninth Circuit

---

[6] The Court is mindful of the unusual nature of this motion in that Rayford International is effectively arguing against its interest by seeking to have this Court adjudicate its motion to quash a subpoena that it says violates the rules because Rayford International has no connection to Nevada.  Nonetheless, the Court has its own duty to correctly interpret and apply the law. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).  Moreover, it is not difficult to imagine other parties taking the opposite position in future cases in which a subpoenaing party is seeking to avoid litigating a subpoena-related dispute in the distant location of the subpoenaed nonparty by simply writing the subpoena to identify this District as the place of compliance.  The Court will not interpret the text of Rule 45 to mean that the expressly desired protection for subpoenaed nonparties does not exist simply because the current briefing takes that position.

was silent on that issue while addressing a motion to quash filed in that manner. *See, e.g.*, Docket No. 70 at 7-8. The Court disagrees with Rayford International's reading of that case. Courts have noted that the "place of compliance" analysis "may vary based upon the type of motion filed and the facts available to the reviewing court." *HI.Q*, 2022 WL 17345784, at *7. In the decision on which Rayford International relies, the Ninth Circuit determined that the place of compliance for testifying remotely <u>at trial</u> is the physical courthouse hosting the trial because "[n]o matter where the witness is located, how the witness 'appears,' or even the location of the other participants, *trials* occur in a court." *Kirkland*, 75 F.4th at 1045 (emphasis in original). In emphasizing that unique circumstance of a trial subpoena, <u>the Ninth Circuit expressly differentiated the place of compliance for trial subpoenas and the place of compliance for deposition or document production subpoenas</u>:

> application of Rule 45(c)'s 100-mile limitation to both trial and deposition subpoenas is not internally inconsistent because unlike trials, there is no ordinary or mandated location for depositions. The 'place of compliance' for a deposition subpoena can be any appropriate location 'within 100 miles of where the [witness] resides . . . .'

*Id.*; *see also id.* at 1045 n.5 (citing Fed. R. Civ. P. 45(c)(2)'s geographical limitations regarding production of documents as involving similar considerations).[7] As the Ninth Circuit expressly limited its reasoning and analysis to trial subpoenas, the Court does not find that its holdings (implicit or otherwise) apply in this case involving a motion to quash a subpoena for documents.

For these reasons, the Court continues to conclude that the place of compliance for the purpose of filing a motion to quash a subpoena seeking documents from a nonparty is the place where that nonparty is located.

### III. ANALYSIS

Having addressed the legal landscape for the motion to quash, the resulting analysis is straight forward. Rayford International bears the burden of showing that its motion was filed in

---

[7] In stark contrast to the Ninth Circuit's focus in *Kirkland* on the physical location of the courthouse for remote testimony pursuant to a trial subpoena, remote testimony for a deposition is deemed to take place "where the deponent answers the questions." Fed. R. Civ. P. 30(b)(4).

6

the "court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A); *see also Cleary*, 2024 WL 1297708, at *2, 4 (addressing initial burden). In contrast to that showing, Rayford International attests that it maintains no presence in Nevada, transacts no business in Nevada, and has no representatives residing, working, or regularly conducting business in Nevada. *See* Docket No. 79-1 at 2. Rayford International further attests that its principal place of business is in New Hampshire and that its representative resides and works in New Hampshire. *See id.* In short, although Rayford International bears the burden of showing that its motion to quash was filed in the place of compliance, its motion is predicated on its contention that Las Vegas, Nevada is not the place of compliance. *See also* Docket No. 79 at 10-11. Given the showing made that New Hampshire is the place of compliance, as opposed to Nevada, the Court is not persuaded that Rayford International has met its burden of showing that its motion to quash is properly filed in this District based solely on the face of the subpoena identifying Las Vegas, Nevada as the location for documents to be produced.

## IV.   CONCLUSION

Accordingly, the motion to quash is **DENIED** without prejudice to its refiling in the appropriate forum.[8]

IT IS SO ORDERED.

Dated: April 3, 2024

Nancy J. Koppe
United States Magistrate Judge

---

[8] In an earlier filing on this matter, Rayford International made the eye-opening claim that it lacks any forum to challenge the subpoena if its motion to quash is denied here because a case does not currently exist in New Hampshire. Docket No. 77 at 3. Rayford International fails to explain why it cannot initiate a miscellaneous case (or take other appropriate action) in federal court in New Hampshire as a means for its motion to be heard. *See* D.N.H. Local Rule 2.4(a) (governing the opening of a miscellaneous case); *see also* https://www.nhd.uscourts.gov/fee-schedule (last visited April 2, 2024) (establishing a $52 fee for initiating a miscellaneous case).

7